Terry J. Thomas (#5523)
7330 Hunter Glen Drive
Reno, NV 89523
(775) 750-6307
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEVADA

| | |
|---|---|
| CAROLINE J. KARL,<br><br>    Plaintiff,<br><br>    v.<br><br>QUALITY LOAN SERVICE CORP. a foreign entity, HSBC BANK, USA, NA, as Trustee for Merrill Lynch Alternative Note Asset Trust, Series 2007-A3, an unknown entity, AMERICA'S SERVICING COMPANY, an unknown entity, DOES 1-100, Inclusive, and all other persons unknown claiming any right title, estate, lien or interest in the real property described herein.<br><br>    Defendants. | CASE NO.: 3:10-CV-00473-RJC-VPC |

## OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
## AND DEMAND FOR HEARING ON DEFENDANTS' REQUEST FOR
## JUDICIAL NOTICE AND DEMAND FOR FRCP 26 DISCOVERY

COMES NOW, Plaintiff, Caroline J. Karl by and through her undersigned counsel, Terry J. Thomas, Esq., and hereby moves this Court for a hearing upon Defendants' Supplemental Request for Judicial Notice. This motion is based upon Federal Rule of Evidence 201, the Defendants' Supplemental Request for Judicial Notice, the accompanying Memorandum of Points and Authorities in Support of Motion, attached exhibits and all pleadings on file herein.

DATED: August 24, 2010

By:_____/S/_____

Terry J. Thomas Attorney for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff, a music teacher for the Washoe County School System, has 12 years of teaching experience, and has never been unemployed during her career. She was defrauded by a sharp loan broker into an 11% second mortgage in place of a down payment on her modest home because the builder of the home demanded she use the builder's broker. And, told not to provide any documentation proving her income and excellent credit history. (See loan documentation attached to Affidavit of Karl, showing $0 (ZERO!) Income). Ms. Karl was never provided with signed copies of the documentation of her loans–just some blanks and most certainly does not have the ability to determine the validity of her signature on the photocopies.

Karl was never provided with any notice whatsoever of any transfer of any loan to any entity. Even if the hearsay copies provided by Quality Loan Services' Agent for Service of Process----opposing counsel herein, [1] could be authenticated, there are massive holes in the chain of title. Perhaps the most glaring example is that MERS which this Court and now so many other courts have held has NO interests whatsoever as the beneficiary of the loan, has "transferred" its beneficial interest to HSBC BANK, USA, NA, as Trustee for Merrill Lynch

---

[1] Quality has NO waiting period for removal to this Court since its attorney gets the complaints served directly to them as Nevada's agents for service of process. As previously predicted, this federal Court is now foreclosure central. One can imagine or Constitutional forefathers cringing at the thought that Nevada's federal court system is now THE forum for local foreclosures.

1 Alternative Note Asset Trust, Series 2007-A3, (whatever that is?)  AFTER, repeat <u>after</u> the

2 Notice of Default was recorded.  This is a fabricated transfer because there is no admissible

3 evidence that HSBC BANK, USA, NA, as Trustee for Merrill Lynch Alternative Note Asset

4 Trust, Series 2007-A3, is other than an alter ego of some  loan entity – designed to

5 circumvent the law by purporting to be a BFP.

6 　　　　As an example of how fabricated this "assignment" is, on August 12, 2010, Plaintiff

7 attended a mortgage modification mediation wherein a representative with a Wells Fargo

8 Bank email address purported to be appearing for the beneficiary of Ms. Karl's mortgage!

9 (See Ex. 1, a true and correct copy of the Mediator's Statement stating under

10 "Lender/Beneficiary") Under no circumstances did this "chair sitter" purport to represent the

11 "beneficiary" HSBC BANK, USA, NA, as Trustee for Merrill Lynch Alternative Note Asset

12 Trust, Series 2007-A3.

13 　　　　Of course, Ms Karl's own attempts to refinance her loans was met with the standard

14 "let me transfer you to someone who may be able to transfer you to someone who may be

15 able to tell you who to contact..." Nothing!

16 <center>**II.**</center>

17 <center>**PLAINTIFF DEMANDS A HEARING ON THE DEFENDANTS'**</center>
18 <center>**REQUEST FOR JUDICIAL NOTICE**</center>

19 　　　　To challenge the propriety of taking judicial notice a party must file a motion

20 requesting an opportunity to be heard.  *Chen v. Metropolitian Ins. & Annuity Co.* (5th Cir.

21 1990) 907 F2d 566, 569.  The court must provide an opportunity to be heard. *Cooperative de*

22 *Ahorro y Credito Aguada v. Kidder, Peabody & Co.*  (1st Cir. 1993) 993 F2d 269, 273).

23 <center>**III.**</center>

24 **DEFENDANTS' PHOTOCOPIES OF .... ?  ARE NOT JUDICIALLY NOTICEABLE**

25 　　　　Defendants photocopies make no sense at this stage of the proceeding except to allow

26 them to argue that the Defendants, as part of the FORECLOSURE INDUSTRY, have no

27 need to follow the law as to authenticating evidentiary submissions.

28 　　　　The recent case of Walker v. Woodford (SD CA 2006) 454 F.Supp.2d 1007, 1022,

contains an excellent discussion of the law of Judicial Notice:

> The Rule was intended to obviate the need for formal fact-finding as to certain facts that are undisputed and easily verified. Fed. R.Evid. 201; *Melong v. Micronesian Claims Comm.*, 643 F.2d 10, 12 n. 5 (D.C.Cir.1980) (judicial notice under Rule 201 is designed for judicial recognition of scientific or historical fact without resort to cumbersome methods of proof). The Rule permits a court to take judicial notice of two kinds of facts: (1) those that are generally known within the court's territorial jurisdiction; and (2) those that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, for example, almanac, dictionary, calendar or similar source. In other words, "the fact must be one that only an unreasonable person would insist on disputing." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir.1994). Documents that are part of the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another court case, but a court may not take judicial notice of findings of facts from another case. See *Wyatt v. Terhune*, 315 F.3d 1108, 1114 & n. 5 (9th Cir.2033); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.2001); *Jones*, 29 F.3d at 1553. Nor may the court take judicial notice of any matter that is in dispute. *Lee*, 250 F.3d at 689-90; *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir.2001)....

Plaintiff disputes virtually everything about Defendants' photocopies. Defendants must introduce evidence sufficient to sustain a finding that the item is what the proponent claims it to be (Fed. R.Evid. 901) or the establishment of facts sufficient to constitute self-authentication under Fed. R.Evid. 902. (See *United States v. Thomas* (2nd Cir. 1995) 54 F3d 73, 82 – authentication through testimony of knowledgable witness. Burden of proof is upon the proponent: Fed. R.Evid. 901(a) *United States v. Gagliardi* (2nd Cir. 2007) 506 F3d 140, 151. Clearly Defendants' counsels' secretary does not have personal knowledge under 901(b)(1) of what he or she has listed as a description.

The Court may refuse to take judicial notice if the requesting party has failed to authenticate the documents. *Madeja v. Olympic Packers, LLC* (9th Cir 2002) 310 F3d 628, 639. It is NOT proper for a court to take judicial notice of disputed facts contained in hearsay document. See *United States v. Burch*, 169 F.3d 666, 672 (10th Cir.1999). Unauthenticated photocopies are the purest form of hearsay. The law is clear, judicial notice

should be used "sparingly" in the early stages of litigation. "Only in the clearest of case should a district court reach outside the pleadings for facts necessary to resolve a case at that point." *Victaulic Co. V. Tieman* (3rd Cir. 2007) 499 F3d 227, 236.

The federal standards, described above, determine whether evidence is sufficient to raise a question for the trier-of-fact, even in diversity cases based upon state law claims, such as the instant case. *Gasaway v. NorthWestern Mutual Life Ins. Co.* (9th Cir 1994) 26 F.3d 957, 960.

### IV.

### PLAINTIFF DEMANDS ITS RIGHT TO FRCP RULE 26 DISCOVERY

Quality's counsel's foreclosure mill needs to simply throw some photocopies into a motion – tell this Court these non-authenticated papers prove this Court should throw out a well founded complaint – so that Quality is excused from having to provide the quantum of proof necessary to prevail at trial. For example, it is a triable issue of fact as to who, or what is the real beneficiary and to provide some quantum of admissible evidence to show that the offered entity: 1. Actually exists; 2. has a legally cognizable interest, thus legal standing to oppose this complaint. Summary judgment is proper , only after adequate opportunity for discovery, so that no serious claim can be made that the losing party was "railroaded" by a premature motion for summary judgment. *Celotex Corp. V. Catrett,* 477 US 317, at 326 (1986). Defendant IMMEDIATELY files its cookie cutter motion as soon as it removes so that NO discovery is actually possible.

### V.

### THE AFFIDAVIT OF KARL PROVES THERE IS A TRIAL ISSUE OF FACT REGARDING HER COMPLAINT

NRS 598D states: "It is an unfair lending practice for a lender to: ...."(b) Knowingly or intentionally make a home loan, other than a reverse mortgage, to a borrower, including, without limitation, a low-document home loan, no-document home loan or stated-document home loan, without determining, using any commercially reasonable means or mechanism,

that the borrower has the ability to repay the home loan." Under "Reviser's Note" on NRS 598D, it states that these laws: " ...do not apply to a loan entered into before October 1, 2003." This is a 2006 "loan."

The exhibit to Karl's affidavit shows that her income, as she was told to state it, was zero. Thus, the makers of the loan had no "commercially reasonable means or mechanism"... to show that Ms. Karl could repay the loan.

## CONCLUSION

Quality's counsel is running their foreclosure mill as fast as they can. Thus, to make them actually prove their case will throw an unwanted wrench into their profit machine. However, eventually, this wrench will show up and clog the works. This case has so many questions of fact such as who or what has standing to actually throw out Ms. Karl, who is the beneficiary, are their any documents that are authenticated and thus prove anything at all? This Court is respectfully requested to dismiss this motion, allow the FRCP 26 discovery and proceed to trial – no matter how much this inconvenience costs Quality Loan Services.

DATED: August 24, 2010


By:_____/S/_____

Terry J. Thomas Attorney for Plaintiff