# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAROLINE J. KARL, | ) |
| Plaintiff, | ) |
| vs. | ) 3:10-cv-00473-RCJ-VPC |
| QUALITY LOAN SERVICE CORP. et al., | ) **ORDER** |
| Defendants. | ) |

This case arises out the foreclosure of residential real property. The Court previously denied Plaintiff Carolyn J. Karl's motion to remand and granted Defendant Quality Loan Service Corp.'s ("QLS") motion for summary judgment in part, leaving only the claims for quiet title and declaratory judgment. Plaintiff has now moved for a stay generally, and for a stay of all discovery in particular, until the Nevada Supreme Court decides two questions certified to it by the Ninth Circuit Court of Appeals in another, unrelated foreclosure case. For the reasons given herein, the Court denies the motions.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff Caroline J. Karl owns real property located at 8928 Wynne St., Reno, Nevada, 89506, APN: 080-893-01 (the "Property"). (Compl. ¶ 1, May 24, 2010, ECF No. 1-2). Plaintiff does not allege facts concerning the terms of the promissory note or deed of trust (the "DOT"), but notes that QLS recorded a notice of default (the "NOD") on May 4, 2010. (*See id.* ¶ 2). Plaintiff admits default, allegedly due to an upwardly adjusting interest rate on the note. (*See id.*

1  ¶ 10). She cannot sell the home to satisfy the note, because due to the crash of the housing

2  market the home is worth far less than the balance on the note. (*Id.*).

3       QLS attached the DOT to its motion for summary judgment. Plaintiff gave the DOT on

4  the Property to secure an adjustable-rate, thirty-year loan of $232,000. (*See* DOT 1–2, Nov. 3,

5  2006, ECF No. 8-1, at 1; Adjustable Rate Rider 1, Nov. 3, 2006, ECF No. 8-1, at 17). The

6  lender and trustee under the DOT was non-party Universal American Mortgage Co. of California

7  ("UAMC"), and Mortgage Electronic Registration Systems, Inc. ("MERS") was listed as the

8  "nominee" and "beneficiary." (*See* DOT 1–2). The interest rate on the note was fixed at 6.75%

9  per annum until December 1, 2011, (*see* Adjustable Rate Rider 1), which undermines Plaintiff's

10 allegation that the default was due to the adjustable nature of the note. QLS recorded the NOD

11 on May 4, 2010. (*See* NOD 1, May 4, 2010, ECF No. 8-2). On June 14, 2010, America's

12 Servicing Co. ("ASC") recorded MERS' assignment of the DOT (in its capacity as UAMC's

13 nominee) from UAMC to HSBC. (*See* Assignment of DOT 1-2, June 14, 2010, ECF No. 8-3, at

14 1–2).

15      Plaintiff sued QLS; HSBC Bank, USA ("HSBC"); and ASC in state court on five causes

16 of action: (1) Declaratory Relief; (2) Debt Collection Violations Under Nevada Revised Statutes

17 ("NRS") Chapter 649; (3) Unfair and Deceptive Trade Practices Under NRS Chapter 598; (4)

18 Unfair Lending Practices Under NRS Chapter 598D; and (5) Quiet Title. Defendants removed.

19 The Court denied a motion to remand and granted summary judgment in part. Plaintiff now asks

20 the Court to stay the case until the Nevada Supreme Court decides the following questions

21 certified to it by the Ninth Circuit in *Chapman v. Deutsche Bank National Trust Co.*, No. 10-

22 15215:

23      1. Is a quiet title action under Nevada Revised Statutes § 40.010, which is
   premised on an allegedly invalid trustee's sale under Nevada Revised Statutes
24     § 107.080(5)(a), properly characterized under Nevada law as a proceeding *in personam*, *in rem*, or *quasi in rem*?

25

        2.   Is an unlawful detainer action under Nevada Revised Statutes § 40.255(1)(c) properly characterized under Nevada law as a proceeding *in personam*, *in rem*, or *quasi in rem*?

(*See* Ninth Circuit Order, June 23, 2011, ECF No. 38-1).

## II.   LEGAL STANDARDS

"The rule that permits simultaneous litigation in state and federal court of overlapping and even identical cases is deeply rooted in our system." *Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003) (citing *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281 (1970)). In such a situation, the first judgment pronounced prevents, or can be made to prevent, any contrary judgment in the parallel case via the Full Faith and Credit Act if the state court enters judgment first, *see* 28 U.S.C. § 1738, or via the All Writs Act if the federal court enters judgment first, *see* 28 U.S.C. § 1651(a). There are exceptions. For example, although a defendant in an action may file a second action as a plaintiff in another court to determine the same controversy, a plaintiff may not harass a defendant by filing identical, simultaneous actions in separate courts, which practice is referred to as "claim splitting." *Adams v. Dep't of Cal. Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007). More relevant to the present case, under the prior exclusive jurisdiction doctrine, "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Marshall v. Marshall*, 547 U.S. 293, 311 (2006).

## III.   ANALYSIS

Under the facts pled and argued here, the prior exclusive jurisdiction doctrine does not apply. Plaintiff alleges the existence of only one (potentially) *in rem* action affecting the Property: the present action that has been removed from state district court. The Court does not lack jurisdiction under the prior exclusive jurisdiction doctrine simply because the present case originated in state court. Plaintiff fails to distinguish between the situation where a federal action is parallel to another, separate state court action, *see Kline v. Burke Constr. Co.*, 260 U.S. 226 (1922), and the situation here, where the sole state court action is removed to federal court.

In *Kline*, Kline had brought an equitable action in state court after Burke had brought an action at law in federal court. *See id.* at 227.  Kline filed counterclaims in federal court identical to the claims he had brought in state court. *See id.* at 228.  Burke reciprocated by filing counterclaims in state court identical to the claims it had brought in federal court. *See id.*  There then existed parallel federal and state court actions with identical claims and counterclaims, but where the plaintiff in federal court was the defendant in state court, and vice versa. *See id.*  Burke then removed the state court action based on both diversity and federal question jurisdiction. *See id.*  The *Kline* Court noted:

> It is settled that where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties from proceeding in a state court of concurrent jurisdiction where the effect of the action would be to defeat or impair the jurisdiction of the federal court.  Where the action is in rem the effect is to draw to the federal court the possession or control, actual or potential, of the res, and the exercise by the state court of jurisdiction over the same res necessarily impairs, and may defeat, the jurisdiction of the federal court already attached.  The converse of the rule is equally true, that where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction.
>
> . . . .
>
> "It is settled that, when a state court and a court of the United States may each take jurisdiction of a matter, the tribunal whose jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed, and the jurisdiction involved is exhausted." . . . The rule is limited to actions which deal either actually or potentially with specific property or objects.

*Id.* at 229–32 (quoting *Covell v. Heyman*, 111 U.S. 176 (1884)).  The Court then ruled that the court of appeals had no authority to enjoin the state court proceedings because the federal court's jurisdiction over control of a *res* was not threatened.

In *Chapman*, the case before the Ninth Circuit and now on certification to the Nevada Supreme Court, the bank filed an unlawful detainer action against the plaintiff in state court three months before the plaintiff filed a separate quiet title action in state court.  The bank then removed the quiet title action to federal court.  This Court found removal jurisdiction proper

1 under the relevant statutes, and although the Ninth Circuit agreed that removal was statutorily
2 proper, it noted that if the unlawful detainer and quiet title actions were both *in rem* or *quasi in*
3 *rem*, as it suspects they were, then the state court obtained jurisdiction over the Property first via
4 the unlawful detainer action, and this Court's denial of the remand motion and retention of
5 jurisdiction over the later-filed quiet title action will have been in error under the prior exclusive
6 jurisdiction doctrine.

7       Plaintiff fails to note that in the present case, there was never any parallel state court
8 proceeding. Unlike in *Chapman*, Plaintiff here alleges no separate unlawful detainer or other
9 potentially *in rem* or *quasi in rem* action filed in state court prior to the present suit, and the
10 Nevada Supreme Court's resolution of *Chapman* therefore cannot possibly aid Plaintiff's remand
11 argument. There is simply no parallel state proceeding here. Rather, the prior state proceeding
12 no longer exists by virtue of removal to federal court. *See* 28 U.S.C. § 1446(d) ("Promptly after
13 the filing of such notice of removal of a civil action the defendant or defendants shall give
14 written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of
15 such State court, which shall effect the removal *and the State court shall proceed no further*
16 *unless and until the case is remanded*." (emphasis added)). Had Defendants filed a second
17 action in federal court after the state court obtained *in rem* jurisdiction in the present case,
18 dismissal of that second action would be appropriate, but Defendants have removed the sole state
19 court action, not filed a duplicative action in federal court while the state court action was
20 pending. The use of the removal statute here does not implicate the problem of parallel *in rem*
21 proceedings, because it simply moved a single proceeding across the street, so to speak, without
22 creating any risk of competing decrees over a *res* such as may exist in *Chapman*.

23       Plaintiff's reading of the law would prevent the removal of any *in rem* proceeding, ever.
24 The prior exclusive jurisdiction doctrine does not impose such a broad limitation on removal
25 jurisdiction. To the contrary, federal law expressly permits the removal of *in rem* proceedings as

a general matter. *See Rorick v. Devon Syndicate*, 307 U.S. 299, 312 (1939) (citing former 28 U.S.C. § 726, now codified at 28 U.S.C. § 1450) ("[W]here jurisdiction in rem has been acquired prior to removal, plaintiff may obtain in the federal court after removal such orders of attachment or garnishment as would have been available to him had he been permitted to remain in the state court."). As the *Rorick* Court noted, § 1450 specifically anticipates and regulates the transfer of *in rem* jurisdiction from state to federal court via removal:

> Whenever any action is removed from a State court to a district court of the United States, any attachment or sequestration of the goods or estate of the defendant in such action in the State court shall hold the goods or estate to answer the final judgment or decree in the same manner as they would have been held to answer final judgment or decree had it been rendered by the State court.

28 U.S.C. § 1450; *see also In re Dutile*, 935 F.2d 61, 62 (5th Cir. 1991); *Ladson v. Kibble*, 307 F. Supp. 11, 13–14 (S.D.N.Y. 1969).

Because a federal court may accept removal jurisdiction *in rem* as a general matter, because the prior exclusive jurisdiction doctrine only concerns situations where two or more courts compete for control over the same *res*, and because there is no indication that such is the case here, the Court finds that the result of *Chapman* will not affect the remand analysis in the present case. Of course, if Plaintiff can show the initiation of an *in rem* state court proceeding as to the Property before the Complaint in the present case was filed, the Court may reconsider.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Stay (ECF No. 38) and Motion for Protective Order (ECF No. 40) are DENIED.

IT IS SO ORDERED.

Dated this 14th day of July, 2011.

_____
ROBERT C. JONES
United States District Judge