# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAROLINE J. KARL, | ) |
| Plaintiff, | ) |
| vs. | ) 3:10-cv-00473-RCJ-VPC |
| QUALITY LOAN SERVICE CORP. et al., | ) **ORDER** |
| Defendants. | ) |

This case arises out the foreclosure of residential real property. The Court denied a motion to remand and granted summary judgment to Defendants in part, dismissing all claims except those for declaratory judgment and quiet title, because paragraph 22 of the deed of trust ("DOT") required that prior to acceleration of the loan following default, the lender must notify the borrower of default, action required to cure, a date at least thirty days thereafter by which to cure, and that failure to timely cure may result in acceleration. The Court found that there remained a genuine issue of material fact as to whether Defendant Quality Loan Services Corp. ("QLS") had complied with this paragraph. Defendant America's Servicing Co. ("ASC") has now moved for summary judgment on this remaining point. For the reasons given herein, the Court grants the motion.

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Caroline J. Karl owns real property located at 8928 Wynne St., Reno., NV 89506, APN: 080-893-01 (the "Property"). (Compl. ¶ 1, ECF No. 1-2). Plaintiff does not allege facts concerning the terms of the promissory note or deed of trust ("DOT"), but she notes that

1  QLS recorded a notice of default ("NOD") on May 4, 2010. (*See id.* ¶ 2).  Plaintiff admits

2  default, allegedly due to an upwardly adjusting interest rate on the note. (*See id.* ¶ 10).  She

3  cannot sell the home to satisfy the note, because due to the crash of the housing market the home

4  is worth far less than the balance on the note. (*Id.*).

5      QLS attached the DOT to its previous motion for summary judgment.  Plaintiff gave the

6  DOT on the Property to secure an adjustable-rate, thirty-year loan of $232,000. (*See* DOT 1–2,

7  Nov. 3, 2006, ECF No. 8-1, at 1; Adjustable Rate Rider 1, Nov. 3, 2006, ECF No. 8-1, at 17).

8  The lender and trustee under the DOT was non-party Universal American Mortgage Co. of

9  California ("UAMC"), and Mortgage Electronic Registration Systems, Inc. ("MERS") was listed

10  as the "nominee" and "beneficiary." (*See* DOT 1–2).  The interest rate on the note was fixed at

11  6.75% per annum until December 1, 2011, (*see* Adjustable Rate Rider 1), making Plaintiff's

12  allegation that her default was due to the adjustable nature of the note not only implausible, but

13  impossible.  QLS recorded the NOD on May 4, 2010. (*See* NOD 1, May 4, 2010, ECF No. 8-2).

14  On June 14, 2010, ASC recorded MERS's assignment of the DOT (in its capacity as UAMC's

15  nominee) from UAMC to HSBC. (*See* Assignment of DOT 1-2, June 14, 2010, ECF No. 8-3, at

16  1–2).

17      Plaintiff sued QLS, HSBC Bank, USA ("HSBC"), and ASC in state court on five causes

18  of action: (1) Declaratory Relief; (2) Debt Collection Violations Under Nevada Revised Statutes

19  ("NRS") Chapter 649; (3) Unfair and Deceptive Trade Practices Under NRS Chapter 598; (4)

20  Unfair Lending Practices Under NRS Chapter 598D; and (5) Quiet Title.  Defendants removed

21  and moved for summary judgment.  Plaintiff moved to remand.  The Court denied the motion to

22  remand and granted summary judgment on all claims except those for quiet title and declaratory

23  judgment, based on a remaining question as to Defendants' compliance with paragraph 22 of the

24  DOT.  ASC has now moved for summary judgment on that remaining point.

25

## II.	LEGAL STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the

1  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
2  versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d
3  626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment
4  by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v.
5  List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions
6  and allegations of the pleadings and set forth specific facts by producing competent evidence that
7  shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.
8       At the summary judgment stage, a court's function is not to weigh the evidence and
9  determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477
10 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are
11 to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely
12 colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

13 **III.   ANALYSIS**

14      ASC adduces the affidavit of Mary Ellen Brust, a Vice President of Loan Documentation
15 for Wells Fargo Bank, N.A. (*See* Brust Aff. ¶ 1, Sept. 30, 2011, ECF No. 45).[1]  Brust attests that
16 on March 21, 2010, Wells Fargo, doing business as ASC, sent a letter to Plaintiff at the Property
17 stating that she was in default on the Property, that to correct the default she would have to pay
18 the total delinquency, that she had until April 20, 2010 to cure the default, and that Wells Fargo
19 would accelerate the note and possibly foreclose if she did not timely correct the default. (*See
20 id.* ¶¶ 3–5).  Although Brust attests to have attached a copy of the letter, the letter is not in fact
21 attached to the affidavit, to the motion itself, or to the request for judicial notice accompanying
22 the motion and the affidavit.  This is a critical failure, because the contents of the alleged notice
23 is material, not collateral, and unless such a writing has been lost or destroyed, is unobtainable

---

[1] America's Servicing Company is the fictitious business name Wells Fargo uses when it acts as its own loan servicer.  Wells Fargo litigates appears when ASC is sued and often refers to itself as "Wells Fargo Bank, N.A., erroneously named as America's Servicing Company."

by judicial process, or is in the exclusive possession of an adversary, evidence of the writing's contents are only admissible via the original document itself or via a mechanically or electronically reproduced copy of the document the authenticity of which is not suspect. *See* Fed. R. Evid. 1001–1004. However, Defendants have attached the letter, and the Brust Affidavit authenticating it, to a later-filed errata. (*See* Letter, Mar. 21, 2010, ECF No. 51, at 9). The letter indicates an intent to accelerate the note if the default is not cured by April 20, 2010 (which is thirty days after the date of the letter), the amount required to cure ($3378.64), the payee (America's Servicing Co., P.O. Box 1820, Newark, NJ 07101-1820), the method of payment (certified funds), and additional information concerning the lender's options and the borrower's rights. (*See id.* 1). Plaintiff did not appear at the hearing.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 44) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 6th day of December, 2011.

_____
ROBERT C. JONES
United States District Judge